IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASBIR B. SINGH,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>COFFEE GARDEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE<br><br><br><br><br><br>Case No. 2:04-CV-910 TS |

Plaintiff, proceeding *pro se*, filed this Civil Rights Complaint pursuant to 28 U.S.C. §§ 1983 and 1985. Defendant Coffee Garden[1] has now filed this Motion to Dismiss. For the reasons set forth fully below, the Court will grant Defendant's Motion and will dismiss this case.

---

[1] In Plaintiff's Complaint, he refers to three individuals as defendants. However, the Court notes that the docket reflects only one defendant – Coffee Garden. For clarity, the Court hereby construes this Order as against all defendants herein, referred to here collectively as Coffee Garden.

1

I.  12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[2]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[3]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[5]

III.  ANALYSIS

A.      Plaintiff's § 1983 Claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[6]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power

---

[2]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[3]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[4]*Id*. at 1110.

[5]*Id*.

[6]*West v. Atkins*, 487 U.S. 42, 48 (1988).

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[7]  The Tenth Circuit has held that § 1983 "does not apply to federal officers acting under color of federal law."[8]  That "section applies to action by state and local entities not to the federal government."[9]

Plaintiff has failed to allege either that there was a violation of a Constitutionally secured right, or that such a violation was committed by a person acting under color of state law.  Further, Plaintiff's Complaint[10] acknowledges that the defendants are associated with a private company, and does not allege any action under state authority whatsoever.  Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.

B.   Plaintiff's § 1985 Claim.

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[11]  "[H]owever, § 1985(3) does not 'apply to all tortious, conspiratorial interferences with the right of others,' but rather, only to

---

[7] *Id*. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941).

[8] *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

[9] *Belhomme v. Windall*, 127 F.3d 1214, 1217 (10th Cir. 1997).

[10] Complaint, Docket No. 2, at 2-3.

[11] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[12]

Plaintiff's Complaint is completely devoid of any allegations of racial or class-based discriminatory animus and, therefore, fails to state a claim for relief under § 1985.

C.  Defendant's Request for § 1988 Attorney's Fees.

A prevailing party may be awarded attorney's fees in an action brought pursuant to 42 U.S.C. § 1983.[13] "A prevailing defendant in a civil rights action may recover attorney's fees under 42 U.S.C. § 1988 if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'"[14] "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff. . . . The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard."[15]

The Court finds that Plaintiff's suit was not frivolous, vexatious, or brought to harass or embarrass Defendants.  Therefore, the Court will deny Defendants' Motion for Attorney's Fees. For these reasons, the Court finds it unnecessary to address the other issues raised by Plaintiff.

---

[12] *Id*. (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

[13] *See* 42 U.S.C. § 1988(b).

[14] *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).

[15] *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations omitted).

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 19) is GRANTED and this case is DISMISSED.  It is further

ORDERED that Defendant's request for attorneys fees is DENIED.

The Clerk of Court is directed to close this case forthwith.

DATED   April 11, 2006.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge